**Yan Ping XIAO, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE & Attorney General Ashcroft, Respondents.**

No. 02–4572.

United States Court of Appeals, Second Circuit.

March 29, 2005.

Bruno Joseph Bembi, Hempstead, New York, for Petitioners.

Lynn S. Edelman, Assistant United States Attorney for the Western District of New York, (Michael A. Battle, United States Attorney for the Western District of New York), Buffalo, New York, for Respondents, of Counsel.

Present: WESLEY, HALL, Circuit Judges and MUKASEY Chief District Judge.[1]

**SUMMARY ORDER**

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, and DECREED** that the petition for review is hereby **DENIED.**

Familiarity by the parties is assumed as to the facts, the procedural context, and the specification of appellate issues.

Petitioner Yan Ping Xiao ("Petitioner"), a citizen of the People's Republic of China, appeals from an order of the Board of

---

1. The Hon. Michael B. Mukasey, Chief Judge, United States District Court for the Southern District of New York, sitting by designation.

Immigration Appeals ("BIA") dated September 18, 2002, which affirmed without opinion the denial of Petitioner's application by the Immigration Judge ("IJ") by an order issued on April 2, 1999. (JA 2, 36–49) Petitioner applied for relief from removal on three grounds: (1) asylum; (2) withholding of removal; and (3) voluntary departure.[2] (JA 36).

To qualify for asylum, a potential refugee must establish past persecution or a well-founded fear of future persecution on account of "race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101 (defining "refugee"). Once one has established "refugee" status, the Attorney General then has discretion in determining whether to grant asylum to the refugee. *See* 8 U.S.C. § 1158(b)(1) (stating A.G. "may" grant asylum); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 70–71 (2d Cir.2004) ("Even if an applicant establishes his eligibility for asylum, however, the Attorney General retains discretion whether to grant the request."). Congress has "extended the definition of political refugee, for the purposes of asylum and withholding claims, to persons subjected to forced abortions." *Zhou Yun Zhang*, 386 F.3d at 71 (citing 8 U.S.C. § 1101(a)(42)).

The related remedy of withholding of removal requires an additional element not necessary to establish refugee status but offers a mandatory remedy. *See* 8 U.S.C. § 1231(b)(3)(A); *Zhou Yun Zhang*, 386 F.3d at 71. The Petitioner must also establish that if she returned to her country, "[her] life or freedom would in fact be threatened on one of the protected refugee grounds." *Zhou Yun Zhang*, 386 F.3d at 71. If an applicant fails to meet the requirements for asylum, that necessarily precludes her from satisfying the heavier burden for withholding of removal.

Often, a Petitioner's credibility will be central to establishing a claim for asylum. "In reviewing asylum determinations, [this Court] defer[s] to the factual findings of the BIA and the IJ if they are supported by substantial evidence." *Id.* at 73. Thus, this Court "must uphold an administrative finding of fact unless [it] conclude[s] that a reasonable adjudicator would be compelled to conclude to the contrary." *Id.* (citing *Wu Biao Chen v. INS*, 344 F.3d 272, 275 (2d Cir.2003) (per curiam)). When a factual challenge pertains to a credibility finding made by an IJ, this Court "give[s] particular deference to the credibility determinations of the IJ." *Montero v. INS*, 124 F.3d 381, 386 (2d Cir.1997) (citing *Kokkinis v. District Dir. of the INS*, 429 F.2d 938, 942 (2d Cir.1970)).

The question of whether substantial evidence supports a credibility determination turns on whether the IJ provided " 'specific, cogent' reasons for the adverse credibility finding and whether those reasons bear a 'legitimate nexus' to the finding." *Zhou Yan Zhang*, 386 F.3d at 74 (citing *Secaida-Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003)). "In short, [this Court's review] is meant to ensure that credibility findings are based upon neither a misstatement of the facts in the record nor bald speculation or caprice." *Id.*

Indeed, under this stringent standard—

[w]here the IJ's adverse credibility finding is based on specific examples in the record of "inconsistent statements" by the asylum applicant about matters material to his claim of persecution, or on "contradictory evidence" or on "inherently improbable testimony" regarding

---

2. Petitioner raised no arguments in her Petition to this Court related to the privilege of voluntary departure. We find, however, that the IJ correctly found that Petitioner failed to meet the statutory requirements for voluntary departure.

such matters, a reviewing court will generally not be able to conclude that a reasonable adjudicator was compelled to find otherwise.

*Id.* (citing *Diallo v. INS,* 232 F.3d 279, 288 (2d Cir.2000)).

In this case, substantial evidence supported the IJ's adverse credibility finding with respect to Petitioner's asylum claim. The IJ found Petitioner not credible based upon the improbability of Petitioner's testimony and the internal inconsistencies of Petitioner's testimony. The record supports the reasons proffered by the IJ for his credibility determination, and those reasons bear a legitimate nexus to that conclusion. There is no merit to Petitioner's argument that the IJ failed to consider documentary evidence or gave inappropriate weight to such evidence. Because an applicant who fails to establish eligibility for asylum cannot make out a claim for withholding of removal, *see id.* at 71, we find that Petitioner's claim for withholding of removal fails.

Furthermore, to the extent that Petitioner offers arguments not raised before the BIA, those claims are not preserved for review before this Court. *See, e.g., Foster v. INS,* 376 F.3d 75, 77–78 (2d Cir.2004) (per curiam).

We have considered all of Petitioner's claims and find them meritless. We therefore **DENY** the Petition. Additionally, Petitioner's Motion for Stay of Deportation is **DENIED** as moot.